[Crim. No. 8351. Second Dist., Div. Three. Feb. 18, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JOHNNY RAY FAVORS, Defendant and Appellant.

Johnny Ray Favors, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.—Charged with violation of section 288 of the Penal Code, this defendant was found guilty in a nonjury trial in which he was represented by counsel. Pursuant to stipulation the case was submitted on the police arrest and crime reports which were received in evidence and are contained in the transcript on appeal. Defendant did not testify or offer any evidence. Having found defendant guilty, the court appointed physicians to examine him and report whether in their opinion he was a probable sexual psychopath. The reports of the doctors were to the effect that defendant was a probable sexual psychopath; he was committed to the state

hospital at Atascadero for a period of not to exceed 90 days; at the expiration of about 60 days defendant was reported by hospital authorities to be a sexual psychopath, as defined by section 5500 of the Welfare and Institutions Code, who would not be benefited by further treatment; defendant was returned to court, duly arraigned and sentenced to state prison. Defendant was charged by the information with a prior conviction of violation of section 261.1 of the Penal Code; no disposition was made with respect to the prior conviction. Defendant requested appointment of counsel on the appeal; we read the record and having determined that the appeal is frivolous we denied the application for appointment of counsel; defendant was given time for a brief and has filed none.

 The court read the arrest and crime reports and from their consideration found the defendant guilty. The reports disclosed that the victim of the offense was an 8-year-old girl; the acts which she accused defendant of having committed were sufficient to constitute the offense charged. Her testimony was directly corroborated by that of a 9-year-old girl. Since both children testified it will be presumed that the court made full inquiry as to their qualifications to testify and found them to be competent.

The record on appeal contains 79 pages of testimony elicited at the preliminary examination. This no doubt was on file with the clerk as it is required to be. (Pen. Code, § 869.) There was no stipulation that the court should read this transcript, although it would appear to have been a better practice for the cause to be submitted on the preliminary transcript than on the police reports. However, since the defendant had no defense to offer and his attorney was no doubt familiar with the evidence adduced at the preliminary examination as well as the contents of the police reports, submission of the case on the latter was really as effective an admission of guilt as if the defendant had pleaded guilty.

The trial and the other proceedings were conducted without error, the uncontroverted evidence was sufficient to prove defendant's guilt and the appeal therefore presents no question of law.

The judgment is affirmed.